# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

FRANKLIN JOSEPH JUNIOR,                                              PLAINTIFF
ADC #119181

v.                              1:14CV00089-DPM-JTK

ARKANSAS DEPARTMENT OF
CORRECTION, et al.                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      Introduction**

Plaintiff Franklin Junior is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action, complaining about his placement in punitive isolation despite the reversal of a disciplinary charge. (Doc. No. 2.) By Order dated July 29, 2014, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and provided him the opportunity to file an Amended Complaint, noting that his allegations were unclear and failed to state a claim upon which relief may be granted. (Doc. No. 3.) The Court also noted that the Amended Complaint would render the Original Complaint without legal effect. (Id., p. 4.) Plaintiff has now filed an Amended Complaint (Doc. No. 5),[1] which the Court finds should be dismissed, for failure to state a claim upon which relief may be granted.

---

[1] Although docketed as a "Notice," the Court construes this as Plaintiff's Amended Complaint.

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement,"

but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.  Facts and Analysis

Plaintiff alleges in his Amended Complaint that he was placed in punitive isolation in April, 2014, after he was charged with a sexual offense. (Doc. No. 5, p. 1.) However, although the disciplinary conviction was reversed on appeal on June 16, 2014, he remains incarcerated in isolation, causing him mental and physical ill health. (Id.) He also claims that the Defendants Goforth and Pickering failed to perform a proper investigation of the disciplinary charge pursuant to ADC policies, because they did not provide Plaintiff with the opportunity to take a stress test (polygraph). (Id., pp. 1-2)  Plaintiff asks for damages from the Defendants.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  However, Plaintiff's allegation that he has been housed in isolation since April, 2014, does not support a Constitutional claim for relief.  In Sandin v. Connor, the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. 515 U.S. 472, 484 (1995). Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.  Following Sandin, the United States Court of

Appeals for the Eighth Circuit Court held that an inmate's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" Kennedy v. Blankenship, 100 F.3d 640, 642 (1996). The Court did not consider Kennedy's placement in punitive isolation as an atypical and significant event, even though the prisoner faced restrictions in privileges regarding mail, telephone, visitation, commissary, and personal possessions. Furthermore, in Phillips v. Norris, the Court held that the absence of contact visitation, exercise privileges, and chapel rights for thirty-seven days did not constitute an atypical and significant hardship, stating, "[w]e have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship." 320 F.3d 844, 847 (8th Cir. 2003).

Plaintiff does not allege any facts about his placement in punitive isolation which support a finding that it is atypical and significant. As of the date of the filing of his amended complaint, he had been incarcerated there for a little more than four months, a length of time which is not considered atypical and significant. See Orr v. Larkins, 610 F.3d 1032, 1033 (8th Cir. 2010), where the court held that the plaintiff's incarceration in administrative segregation for nine months was not atypical and significant, or unconstitutional; Howard v. Collins, 129 F.3d 121, 1997 WL 710314 (8th Cir. 1997) (unpublished), where an eight-month stay in ad seg was not atypical and significant; and Jones v. Walker, No. 5:07CV00094-WRW-HDY (E.D.Ark. 2007), where an inmate's stay in ad seg for more than a year was not considered atypical and significant.

In a case similar to this one, Wycoff v. Nichols, an inmate served forty-five days in ad seg before the disciplinary charge against him was dismissed. 94 F.3d 1187, 1188 (8th Cir. 1996). The Court found that the reversal of the case against the inmate constituted part of the due process he received, and cured any alleged due process violations which may have occurred during the initial

decision to sanction the inmate. Id., at 1189. The Court then noted that any claim concerning the plaintiff's placement in ad seg was controlled by Sandin, and nothing in the record supported a finding that his conditions of confinement were atypical and significant. Id. at 1189-90.

Therefore, absent any additional allegations concerning the conditions of his confinement in punitive isolation, the Court finds that Plaintiff's claim of incarceration for four months, despite reversal of the disciplinary conviction, does not support a constitutional violation.

In addition, an allegation that Defendants violated ADC policy during the investigation by failing to provide him with a "stress test," fails to support a constitutional claim. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Therefore, the Court finds that Plaintiff's allegations fail to support a constitutional claim for

relief and should be dismissed.

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

3.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 2nd day of October, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE